THE STATE OF MARYLAND *vs.* JAMES TRIMBLE.

## *Plea to an Indictment for Bastardy.*

The father of an illegitimate child may plead, as a bar to an indictment
against him in 1870, under the 13th Article of the Code of Public Gen-
eral Laws, that the mother of the child, in 1866, appeared before a Jus-
tice of the Peace, and being required by him to disclose the name of the
father, refused so to do, and gave security to indemnify the county from
any charge that might accrue by means of said child.

APPEAL from the Circuit Court for Cecil County.

The appellee was indicted for bastardy ; he pleaded—

1st. Not guilty.

2d. That the mother of the said pretended illegitimate
child, in the year 1866, appeared before George Moore, one
of the justices of the peace of the State of Maryland, for Cecil
county, and being by him required to disclose the name of
the father of said child, refused so to do, and in accordance
with law, being required by said justice to give security to
indemnify said county from any charge that might accrue by
means of said child, did, with Sarah Howard as her security,
acknowledge themselves, each and severally, to owe and stand
indebted to the State of Maryland in the sum of eighty dol-
lars, to be made and levied of their bodies, goods and chattels,
lands and tenements, respectively, for the use of said State, so
that the traverser saith the said county hath been and is fully
indemnified and secured from and against any charge that
has accrued or may accrue by means of said child ; all which
the traverser is ready to verify, &c.

The State joined issue on the first plea, and demurred to
the second. The Court overruled the demurrer and entered
judgment for the traverser. The State appealed.

The cause was argued before BARTOL, C. J., STEWART,
BRENT, MAULSBY, MILLER, ALVEY and ROBINSON, J.

*Albert Constable* and *Attorney General Jones*, for the State.

The single question presented for the determination of the Court is, whether the facts stated in the defendant's second plea constitute a bar to the indictment? On the authority of *Oldham vs. The State*, 5 *Gill*, 90, and *Owens vs. The State*, 10 *Md.*, 164, and on a fair construction of the 13th Article of the Code of Public General Laws, the judgment of the Court below should be reversed.

*Hiram McCullough* and *Alexander Evans*, for the appellee.

By Article 13, section 5 of the Code, the person charged with being the father of an illegitimate child, is required to enter into a recognizance for his appearance at the next Circuit Court for the county; if he do not appear, this recognizance stands for the support of the child, and if he do appear, the grand jury proceeds to indictment, or *"ignoramus,"* as the case may be. In this case, as appears by the indictment, and plea of the alleged father upon his appearance, the next Circuit Court was March Term, 1870—a date at which almost four years had elapsed since the birth of the child.

In this case the mother of the illegitimate child had been brought before the justice of the peace, had refused to disclose the father, and had been required to give, and had given, security to indemnify the county. *Latrobe's Justice, sections 1111 and 1112; Code, Article 13, sections 1 and 2.*

All this had taken place in the year 1866. The object of the law had been completely attained, and the law itself entirely satisfied. By this law the mother, unless she will disclose the father, is to give the security; and if she do disclose, then he is to give the security, *Oldham vs. The State*, 5 *Gill*, 93; but there is to be only *one* security. It is admitted by the demurrer that the county is fully indemnified.

This is a criminal proceeding; it is a misdemeanor; the punishment is the giving security for the support of the child for seven years, at the rate of thirty dollars a year; the punishment is *single*, and *one* compliance with the requirements

of the law is a satisfaction. *Code, Article* 13, *sections* 5, 7; *State vs. Oldham,* 5 *Gill,* 93; *State vs. Phelps,* 9 *Md.,* 26, 28.

STEWART, J., delivered the opinion of the Court.

The State undertook in this case to convict the traverser, under the 13th Article of the Code, which provides for the prosecution of cases of bastardy.

The several sections of this law provide a definite mode of procedure, and we find no provision allowing the mother of an illegitimate child, after she has refused to discover the father and has given the security to indemnify the county, the option at her convenience to discover the father and have proceedings against him in discharge of herself.

In the cases of bastardy, provided for under this law, diligent proceedings should be instituted, and when the mother of the illegitimate child is brought before the justice, she should *at once* discover the father—otherwise, the effect of her refusal is to shelter him from the responsibility—and oblige her to give the required security to indemnify the county.

The second section gives the mother this privilege, and upon discovery of the father she is discharged, and process thereupon goes out *without delay* against him. Upon her refusal to discover the father, she is to be committed to the custody of the sheriff, until such security is given.

By the third section where the father is a non-resident of the county, the justice is required to transmit a copy of the proceedings to some justice in the county where the father may reside, in order that proceedings *forthwith* may be had against him.

The fourth section requires every constable to give information of violations of this law to some justice of the peace, who is directed to proceed according to the provisions of the previous sections, referring first to the mother and then to the father.

The sixth section requires the justice by whom any recognizance is taken in such cases, *immediately* to return the same to the clerk of the Circuit Court to be recorded.

All the sections of this Article, it is manifest, contemplate *immediate, consecutive* and *continued* prosecution of the case against the mother, and when she discovers the father against him, in or out of the county.

If the construction, insisted upon by the State, were correct, the inevitable result would be, to delay the trial of the alleged father, under the fifth section, according to the inclination of the mother, and to deprive him of the opportunity given under the said section, to contest the justice of the accusation, or otherwise it might be to give him a chance to make his escape if guilty.

*Judgment affirmed.*

(Decided 13th January, 1871.)